Reiss Sheppe LLP

ATTORNEYS AT LAW

MATTHEW SHEPPE
STEPHEN FRIEDMAN

HOWARD R. REISS - RETIRED FORMER PARTNER

ERIC J VARDI

AMIR KORNBLUM - OF COUNSEL

425 MADISON AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE (212) 753-2424
FAX (212) 753-382

August 15, 2019

SO ORDERED:

*[signature]* George B. Daniel

George B. Daniels, U.S.D.J.

Dated:        SEP 0 3 2019

**BY ECF**

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, New York 10007

re:     1) DSB Holdings, LLC, et al. v. Harvard Steel Sales, LLC   (16-cv-7126)(GBD)

        2) Request for Extension of Discovery Cutoff

Dear Judge Daniels:

We represent plaintiff, DSB Holdings, LLC, ("Plaintiff") in the above-referenced matter and we write to request an extension of time to the August 15, 2019 discovery cut-off so that Plaintiff may i) complete one short deposition that only became necessary last week, upon the completion of what Plaintiff had hoped would be its last deposition; and ii) obtain receipt of additional documents from non-parties Timothy Pynchon ("Pynchon") and Pioneer Asset Management ("Pioneer") which were requested in May, but were not produced and were discussed during Pynchon's deposition last week.

More specifically, as the Court may recall, one of Plaintiff's central contentions is that starting in April 2013 and continuing from then, Harvard Steel Sales, LLC (the "Defendant" or "Harvard"), along with Pynchon, an employee of Pioneer (who held Galvstar's bonds), worked together to take over Galvstar and kick out its owner, Daniel Bain. In early May 2019, Plaintiff served deposition and document subpoenas on both Pioneer and Pynchon.

Given it was unclear as to what Pynchon would testify to, Plaintiff was unsure whether or not it would even need Pioneer's testimony and so, after discussions with Pynchon and Pioneer's counsel (they are both being represented by the Morgan Lewis firm), Plaintiff held off on scheduling Pioneer's deposition until after Pynchon's took place.

Hon. George B. Daniels
August 15, 2019
Page 2 of 3

Unfortunately, Pioneer and Pynchon did not produce documents in response to the subpoenas until on or about July 12, 2019 and although we tried to schedule Pynchon's deposition the following week, between his and his counsel's schedule we could not schedule his deposition until August 7, 2019 (which was changed at Pynchon's request to August 8, 2019).

Part of the Pioneer/Pynchon production included an internal Pioneer email that Pioneer needed to have a discussion about "…Tim [Pynchon] interfering in Pioneer business." This email (sent after Pynchon had left Pioneer in mid-May 2013) was sent in response to an inquiry made to Pioneer by Jeremy Jacobs, Harvard's President who Pynchon had referred to Pioneer. Pioneer also produced at least one email which suggested it questioned whether certain of Pynchon's actions taken with respect to Galvstar were proper. When questioned about these documents at his deposition, Pynchon claimed that he was not contacted by Pioneer about interfering in their business and that he did not recall there being any issues with any actions he took with respect to Galvstar.

After additional conversations with Pioneer's counsel, we have served Pioneer with a revised (and much narrower) deposition subpoena to cover, among other things the above issues which are central to Plaintiff's case. However, Pioneer's counsel has indicated that given its and Pioneer's schedule, it will be unable to produce a Pioneer witness in the near term. To this end, we are requesting an extension of time of the August 15, 2019 discovery cutoff to complete this deposition (which we do not anticipate will take more than a few hours, if that).

Additionally, we have sent a follow up document request to Morgan Lewis concerning documents related to an affidavit Pynchon provided in this litigation, which Pynchon testified came about through communications he had with Defendant and Defendant's counsel and which he testified that Defendant's counsel drafted. And, so relatedly, we would respectfully request an extension of the discovery cut-off to allow for the production of those documents in response to our requests.

We are not requesting changes to any other dates currently scheduled in this matter.

We have raised the issue with Defendant's counsel who will not consent to the request, taking the position that i) the discovery cutoff has already been extended multiple times at Plaintiff's request; ii) the current scheduling order says that the "discovery completion date shall not be adjourned except upon a showing of extraordinary circumstances" and there are no extraordinary circumstances here; and iii) Plaintiff has known of Pioneer since it filed its complaint approximately three years ago.

In response Plaintiff notes that a) as a practical matter discovery in this case did not really start until the beginning of this year given the previous motion to dismiss, appeal, mediation (during which only limited discovery was allowed), and Defendant's motion to stay pending arbitration; b) Plaintiff has only requested a discovery extension once before (leading to the current August 15th date); c) this discovery is of a non-party outside of Plaintiff's control; d) the documents concerning Pynchon's affidavit (communications with Defendant and Defendant's counsel) it believes these documents should have been produced during discovery by Defendant but were not; and e) Plaintiff is not requesting a change in any other dates scheduled in this case.

Hon. George B. Daniels
August 15, 2019
Page 3 of 3

      To this end, Plaintiff respectfully requests that the Court grant Plaintiff an extension of the discovery cutoff so that it may complete the deposition of Pioneer and obtain the documents requested at Pynchon's deposition.

Respectfully submitted,

Matthew Sheppe

cc:    William M. Alleman, Esq. (VIA ECF)

*Counsel for Defendant Harvard Steel Sales, LLC*